# IN THE COURT OF APPEALS OF IOWA

No. 24-0752
Filed September 17, 2025

CODY ALEXANDER PLUMMER,
    Applicant-Appellant,

vs.

STATE OF IOWA,
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Black Hawk County, Melissa Anderson-Seeber, Judge.

    An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

    Jessica A. Millage of DM Law, PLLC, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

    Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

Cody Plummer and several accomplices robbed a Waterloo pharmacy at gunpoint in 2015. As a result, Plummer was convicted of first-degree robbery. We affirmed his conviction on direct appeal and declined to address his ineffective-assistance-of-counsel claims at that time due to an inadequate record. *See State v. Plummer*, No. 16-0647, 2017 WL 4049322, at *2–3, 4 (Iowa Ct. App. Sep. 13, 2017). Plummer then applied for postconviction relief (PCR). Along with other claims that he does not appeal, Plummer argued that he received ineffective assistance of trial counsel due to counsel's failure to move to suppress his statements to police while he was in an interview room at the police station after his arrest. Following the PCR trial, the district court ruled that Plummer's trial counsel was not ineffective, and even if counsel was ineffective, he suffered no prejudice from that failure. On our de novo review, *see Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021), we concur with the district court's well-reasoned ruling denying PCR.

On appeal, Plummer primarily sets forth arguments that he was too intoxicated to make voluntary statements and that his family members and girlfriend "unwittingly encouraged him to confess to a forcible felony with mandatory prison time." On the first point, the district court thoroughly described the complete dearth of evidence for Plummer's claim that he was intoxicated the night of his arrest:

> A review of the video of the interview does not reflect that Plummer is highly intoxicated. He can effortlessly respond to questions posed by [the interviewing officer]. He can understand his rights under *Miranda* as they are explained to him and even asks a question about his right to have an attorney. He is seen asking his mom for

something to write with to write her notes instead of speaking aloud, thus showing an appreciation that he may be overheard in the interview room. He is allowed to use the restroom and does not sway or stagger as he leaves the interview room.

Outside of Plummer's self-serving testimony, which the district court was free to discredit, *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025), no evidence supports his claim of intoxication.

The claim that Plummer's family encouraged him to speak with police fails to specify how his family's statements overrode Plummer's own free will. On appeal, Plummer does not claim officers used his family members as a method of undercutting his right to counsel. He simply argues they were "parroting the officer's theme that Plummer needed to talk." As the district court stated,

> There are no indicia of coerciveness on behalf of law enforcement. It is clear Plummer made a knowing and voluntary waiver of his *Miranda* rights after talking with his family. Clearly, Plummer is aware of his right to an attorney before speaking with the police. Plummer is the one who reinitiated questioning after he initially discussed a lawyer.

And lastly, Plummer does not argue that he was prejudiced by any ineffective assistance, conceding on appeal that "Plummer cannot say whether he would have prevailed in suppressing his statements." Because a full opinion would not provide better reasoning than that provided by the district court, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**